

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

February 8, 2017

Brent G. Summers
Tarlow Naito & Summers, LLP
2501 SW 1st. Ave, Suite 390
Portland, OR 97201

Theodore J. Piteo
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy., Suite 160
Portland, OR 97223

**VIA CM/ECF ONLY**

Re:    *In re Gordon B. Thompson*, Case No. 14-35226-tmb7

Dear Counsel:

This matter came before the court on the motions of John and Marcella Winters to reopen the above-referenced case (ECF No. 19, the "<u>Motion to Reopen</u>") and to compel Debtor's compliance with his section 521 statement of intention (ECF No. 21, the "<u>Motion to Compel</u>"). The court held a hearing on the Motion to Reopen on January 5, 2017, and allowed supplemental briefing after the hearing. Having considered the arguments of counsel, I write to announce my ruling.

### Facts and Procedural Background
Debtor filed a voluntary chapter 7 petition on September 15, 2014. Debtor scheduled a claim held by the Winters, which is apparently secured by a lien on Debtor's interest in a limited liability company. Debtor's § 521(a)(2) statement of intention indicates that Debtor intends to retain the collateral and continue paying the debt pursuant to the underlying contract. Debtor received a discharge on December 18, 2014, and the case closed on January 7, 2015.

The Winters filed their motions on December 21, 2016. They ask the court for "an order compelling Debtor to comply with his Section 521 Statement and directing [the LLC managing member] to make payment to Winters of all distributions on account of Debtor's interest in [the LLC] until Winters's secured claim is paid in full and determining that no conduct of Winters in pursuing the collateral constitutes any violation of the discharge injunction." Motion to Compel at 3.

### Analysis
The Winters seek to reopen this case in order to prosecute the Motion to Compel. Where an "underlying claim is certain to fail upon a reopening of the proceedings, a bankruptcy court may properly deny" a motion to reopen a case. *In re Kassover*, 448 B.R. 625, 631 (S.D.N.Y. 2011).

Thus, in deciding the Motion to Reopen, it is appropriate for this court to consider the merits of the Motion to Compel.

In support of the Motion to Compel, the Winters cite three cases for the proposition that a creditor may seek judicial enforcement of a debtor's § 521 statement of intention.[1]  Winters' Brief (ECF No. 27, the "Brief") at 3-4.  To the extent that these out-of-district cases have any persuasive value in this matter, there is one distinguishing fact: the cases cited by the Winters all involve creditors (or trustees) that promptly sought judicial action while the debtor's estate was still being administered.  Here, the Winters waited two years after discharge to bring this matter before the court.

The cases cited in support of the Motion to Compel also reveal an instructive trend: although a few courts have allowed individual creditors to compel a debtor's performance consistent with a statement of intention, no such remedy is provided by the Bankruptcy Code.  *BankBoston, N.A. v. Claflin (In re Claflin)*, 249 B.R. 840, 848 (1st Cir. BAP 2000) ("[T]he Bankruptcy Code is silent with respect to available remedies following a debtor's noncompliance with § 521(2).")[2]; *In re Chavarria*, 117 B.R. 582, 585 (Bankr. D. Idaho 1990) ("The Court is convinced that it has the implied, if not express, authority to enter orders respecting the debtor's duty to state and perform a statutory intention as required by the Bankruptcy Code.").  Accordingly, a creditor's ability to compel performance rests on the bankruptcy court's equitable powers, and is therefore governed by general equitable principles.  *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 922 (9th Cir. 2002) ("[A] bankruptcy court is a court of equity and should invoke equitable principles and doctrines, refusing to do so only where their application would be 'inconsistent' with the Bankruptcy Code.").

One equitable principle that applies to the present dispute is that parties who sleep on their rights are barred from seeking relief under the doctrine of laches.  *See id.* at 922-923 (applying laches to § 523(a)(3)(B) claim); *Wolkowitz v. Shearson Lehman Bros., Inc. (In re Weisberg)*, 193 B.R. 916, 925 (9th Cir. BAP 1996) (declining to hear debtor's belated § 362 claim because "[p]ursuant to

---

[1] The court would note one misleading assertion in the brief filed on behalf of the Winters.  The brief summarizes the holding of *In re Herter*, 456 B.R. 455 (Bankr. D. Idaho 2011) as follows: "while a trustee may enforce a statement of intention, a court may order performance of a stated intention upon the request of a secured creditor without requiring the trustee as an intermediary." Brief at 4.  Although this language does appear in the *Herter* opinion, it is not the holding of that case, since this issue was not raised in *Herter*.  Instead, the language quoted by the Winters is the *Herter* court's characterization of the holding in *In re Chavarria*, 117 B.R. 582 (Bankr. D. Idaho 1990), which happens to be one of the other two cases relied upon by the Winters.  There is certainly nothing wrong with the citation of *Herter* in support of the Winters' argument, however the misleading nature of the quotation does not comport with counsel's duty of candor.

[2] The statement of intention is described in section 521(a)(2) of the Bankruptcy Code.  Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, this section was numbered 521(2).

the equitable principle that equity aids the vigilant, the doctrine of laches would be applicable"),
*rev'd in part on other grounds*, 136 F.3d 655 (9th Cir. 1998).

The Winters' delay also disposes of their argument that the Debtor's statement of intention
improperly proposes "ride through," which is not available to debtors under Ninth Circuit
law—while this argument may be legally correct, it comes too late.

Finally, the Motion to Compel must fail because the relief sought cannot be granted by this court.
The Winters seek two alternative types of relief. First, the Winters ask the court "to order Debtor
to enter a reaffirmation agreement to the extent Debtor wants to retain the Collateral." Brief at 3.
The court cannot do this because a reaffirmation agreement is only enforceable if it is made
*before* the debtor receives a discharge. 11 U.S.C. § 524(c)(1).

In the alternative, the Winters ask the court "to order Debtor not to interfere with the LLC
Manager's making distributions to Winters." Brief at 3. This request fails because Debtor has
received a discharge, the estate has been fully administered, and there are no more bankruptcy
proceedings to attend to; as a result, the court lacks jurisdiction over this dispute. Perhaps
seeking a jurisdictional hook, the Winters allege that if they enforce their lien in a non-
bankruptcy forum, Debtor will accuse them of violating the discharge injunction. In response,
Debtor asserts that it is only his personal liability that was discharged in bankruptcy, and "the
Winters may now attempt to exercise [their] lien in state court to receive satisfaction [of their
claim]. So long as their satisfaction does not extend to any personal liability of the Debtor,
Debtor will seek no discharge injunction sanctions." Debtor's Resp. to Motion to Reopen (ECF
No. 28), at 2. This statement satisfies the court that Debtor acknowledges the Winters' right to
enforce their lien under applicable nonbankruptcy law, and the court relies upon this
representation in reaching its decision. It is therefore appropriate to deny both of the Winters'
motions.

**Conclusion**
For the reasons stated herein, the Motion to Compel lacks merit, and thus there would be no
purpose in reopening Debtor's bankruptcy case. The Motion to Reopen is therefore denied, and
the Motion to Compel is rendered moot. Within fourteen days of the date of this letter, Counsel
for Debtor should upload an order denying the Motion to Reopen, and a separate order denying
the Motion to Compel.

Very truly yours,

Trish M. Brown